IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DOROTHY BEAN, AS THE ADMINISTRATRIX
OF THE ESTATE OF ETHEL HEATH, DECEASED,                PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 3:04CV70-P-A

MARINER POST-ACUTE NETWORK, INC.
D/B/A HOLLY SPRINGS HEALTH AND
REHABILITATION CENTER; ET AL.,                         DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion for Partial Summary Judgment [61-1]. Upon due consideration of the motion – no response having been filed – the court finds as follows, to-wit:

The instant motion was filed on November 7, 2005. The response deadline was on or around November 29, 2005. As of this date, no response has been filed – over two months after the deadline. Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond. The plaintiff filed no motion for additional time in which to respond to the motion for summary judgment. Nor was the court otherwise informed regarding a response. Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed. The court concludes that pursuant to LR 7.2(c)(2), the instant motion for partial summary judgment should be granted. The court offers no opinion regarding the legal validity of the arguments contained within the instant motion.

It is undisputed that Ethel Heath was a resident of the subject nursing home from January 7, 1992 to July 21, 2002. The defendants filed for Chapter 11 bankruptcy in Delaware on January 18, 2000. The defendants acquired a discharge of any an all claims asserted by nursing home residents

1

on or before January 18, 2000. Furthermore, the defendants purport to have obtained discharge of all punitive damage claims asserted between January 19, 2000 and May 13, 2002.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Partial Summary Judgment [61-1] is **GRANTED**; therefore,

(2) Any of the plaintiff's claims regarding acts or omissions occurring before January 18, 2000 were discharged by defendants' Chapter 11 bankruptcy;

(3) The plaintiff may not recover any punitive damages for any acts or omissions occurring between January 18, 2000 and May 13, 2002; however,

(4) Punitive damages are not precluded by the bankruptcy discharge with regard to any alleged acts or omissions occurring between May 14, 2002 and the Ethel Heath's death on July 21, 2002.

**SO ORDERED** this the 7th day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE